## BOWMAN ET AL. V. DAVIS.

1. ACCEPTING SATISFACTION FROM ONE JOINT TORT-FEASOR — RELEASE OF OTHERS.— An injured party who has voluntarily received satisfaction, or partial satisfaction, for the injury from one joint *tort-feasor*, cannot recover the amount received a second time from others who aided in committing the wrong.

2. WRONGFUL LEVY ON MORTGAGED GOODS — WAIVER BY OWNER.— When mortgaged goods have been wrongfully levied upon under execution, but the owner voluntarily directs the officer to turn the same over to the mortgagee, which is accordingly done, and they are applied to the satisfaction of the mortgage debt, she waives her right to recover from the officer, or his tortious associates, the value thereof.

3. JOINT TRESPASSERS — PLEA AND EVIDENCE OF ONE EXTENDS TO ALL.— The benefit of the plea and evidence by one joint trespasser of such matter in mitigation of damages, there being but a single wrongful taking, should extend to his co-trespassers also.

*Appeal from District Court of Gunnison County.*

THIS action was originally brought against appellants, together with Louden Mullen and Thornton H. Thomas, to recover damages for the alleged wrongful taking of certain property by appellee. Three separate answers were filed to the complaint — one by defendant Thornton H. Thomas; a second by defendants Bowman and Uhl, sheriff and deputy-sheriff, respectively; and a third by W. and J. W. Mullen and Theodore H. Thomas.

It appears that on the 18th of September, 1882, Uhl, the deputy-sheriff, levied upon the property in contro-

versy by virtue of an execution issued under a judgment in the suit of Louden Mullen against one H. L. Davis, the husband of plaintiff, Carrie L. Davis; defendant Thornton H. Thomas being present as attorney for Mullen, directing the levy, and defendants Warren and J. W. Mullen being present assisting thereat. As to whether Theodore H. Thomas was present or not, conflict exists in the evidence. That Bowman and Louden Mullen were not personally present is undisputed.

Plaintiff claimed to be the owner of all the property levied upon. On the 12th day of October following the levy she instituted a suit in replevin. On the 13th of that month, in company with the sheriff and the Thomases, she designated a specific portion thereof as being covered by a certain valid chattel mortgage in favor of one Steele. This property was turned over by the sheriff to the assignee of said mortgage. The remaining portion was levied on under her writ of replevin, but it appears to have been retained to satisfy the execution creditor; a forthcoming bond being given. When the present action was tried this replevin suit was undetermined.

Proof was admitted showing the value of all the property covered by the original execution levy; but no proof was offered establishing, or tending to establish, any special damages.

A nonsuit was granted as to Louden Mullen. The verdict was silent as to Thornton Thomas; but a motion made by him, after verdict, for judgment against plaintiff for his costs, on this ground, coupled with the statement — which, however, does not otherwise appear — that the court had instructed the jury that under the evidence they could not find a verdict against him, was denied. Thereupon judgment was rendered against appellants; Thornton Thomas not being included or mentioned therein. The present appeal is from the judgment thus entered.

Among the instructions given by the court on behalf of plaintiff is the following: "*Fourth*. The court instructs the jury that if they find for the plaintiff, and against the defendants, or any one or more of them, they will also find the value of the property taken from the plaintiff; which value, together with interest thereon· at the rate of ten per cent. per annum from the date of the taking of the said property, will be the amount of their verdict."

Messrs. THOMAS & THOMAS, WEGENER and Mr. ALEX. GULLETT, for appellants.

Mr. THOS. C. BROWN and Messrs. MORGAN, BROWN & KARR, for appellee.

CHIEF JUSTICE HELM delivered the opinion of the court.

It is difficult to conceive how Thornton Thomas could escape liability if a tort was committed, and if any of his co-defendants were held. He was one of the principal actors from first to last. As attorney for Louden Mullen he directed and superintended the levy of the execution upon the chattels in controversy. As assignee of the Steele mortgage he received the portion of the goods covered thereby, and disposed of the same thereunder. In any event, the cause should have been in some way determined as to him. He had filed an answer, and was present throughout the trial, vigorously asserting his innocence; and, no nonsuit or dismissal having been allowed, he was entitled to a judgment, favorable or adverse. As he has taken no appeal, however,— in fact could not,— and hence is not before us, we shall predicate no ruling upon this objection; and, since the judgment must be reversed for another reason, we shall decline to consider appellants' demand for a new trial, based upon the ground that it was *their* legal right to have the cause disposed of as to him.

,The separate answer of Thornton Thomas was first in order, though not in time, of the three filed. It traversed all material allegations of the complaint. It then affirmatively averred, among other things, that a large part of the goods and chattels originally taken under the execution were included in a valid chattel mortgage given by plaintiff to one Steele for the purpose of securing an existing indebtedness represented by her promissory note; that he became the assignee, for value, of said note and mortgage, and, by virtue of an alleged forfeiture thereunder, was entitled to possession, which the sheriff duly delivered to him; and that the property thus received was disposed of according to the terms and conditions of the mortgage.

Some of these averments were defective. They should have been clearer and more specific; and doubtless one purpose of the pleader was to show justification for his possession, through a forfeiture under the mortgage. But no demurrer was filed, nor was the sufficiency of the pleading otherwise questioned. It was not even replied to. If we assume that, under the circumstances, this answer failed to state matters constituting justification as to Thornton Thomas, it was nevertheless sufficient foundation for the proofs, in mitigation of damages, afterwards received, touching the mortgage and disposition of the mortgaged goods. If the property came legally into possession of Thornton Thomas as assignee, was disposed of, and the proceeds applied to the discharge of the mortgage debt, in compliance with the conditions of the mortgage, certainly as to him plaintiff would not have been entitled to recover the full value thereof, though the tort, and his original liability therefor, were established.

Both of the Thomases testify that on the 13th of October plaintiff pointed out the portion of the chattels seized, covered by this mortgage, *and that she voluntarily directed the sheriff to turn the same over to the mortgagee.*

Plaintiff herself affirmatively corroborates this testimony to a certain extent. She states, substantially, that on the occasion mentioned she pointed out the property and said it was mortgaged to Steele, and that the mortgage and mortgage debt were *bona fide*. As to her command directing the sheriff to turn the same over to the mortgagee, she is silent; though, testifying in rebuttal concerning this particular conversation, she does not, nor does any other witness, utter a word disputing the Thomases in relation to the specific direction mentioned. The evidence in question must therefore be accepted as establishing the important fact to which it relates. And it is, in legal effect, as though the sheriff had released his levy and returned the mortgaged chattels to plaintiff. That he would have done so but for her command in the premises may be inferred from the fact that, when informed of the mortgage, he demanded an indemnity bond, which, as to these particular chattels, defendants refused to give.

It is unnecessary for us to consider whether a legal forfeiture under the terms of the mortgage itself, entitling the mortgagee to possession, actually occurred. Plaintiff's voluntary conduct in the premises was a waiver of her right to raise this question. And, coupling the pleadings with the proofs, there can be no doubt but that Thornton Thomas would have been entitled to have the value of the mortgaged property considered in mitigation of damages, had any been adjudged against him for the trespass. Sedg. Dam. (6th ed.) 613.

But appellants should also have the benefit, in mitigation, of this plea and evidence. The alleged tort consisted of a single wrongful taking, of which all the defendants were alike accused. Thornton Thomas' answer precedes the separate answers of appellants in the record, but the three pleadings were prepared by the same attorneys and filed together. In their cases, as in Thornton's, no demurrer or other challenge to the suffi-

ciency of the answers was interposed; and in their cases, as in his, a replication was not even filed. The trial proceeded to conclusion upon his answer as well as upon theirs; and they received no warning that the matter in mitigation, if shown, would not redound to their advantage. When an injured party has voluntarily received satisfaction, or partial satisfaction, for the injury from one tort-feasor, he cannot recover the same again from the others who aided in committing the wrong. "It is to be observed, in respect to the point above considered, where the bar accrues in favor of some of the wrong-doers by reason of what has been received from or done in respect to one or more others, that the bar arises, not from any particular form that the proceeding assumes, but from the fact that the injured party has actually received satisfaction, or what in law is deemed the equivalent. Therefore, if he accepts the satisfaction voluntarily made by one, that is a bar as to all." Cooley, Torts (2d ed.), 160, and note; *Brown v. City*, 3 Allen, 474.

The "bar" mentioned by Judge Cooley includes a deduction from the total damages, that would otherwise be allowed, of the value, when property wrongfully taken has been returned; and the rule of course applies *pro tanto* when a portion only has been tendered back to plaintiff prior to suit, and voluntarily received by him. *Knapp v. Roche*, 94 N. Y. 329; *Sloan v. Herrick*, 49 Vt. 327; *Ellis v. Esson*, 50 Wis. 138.

If the levy was wrongful, plaintiff was entitled to recover from the guilty parties the value of any of the goods, with legal interest thereon, retained and sold to satisfy the execution against her husband. She might also have recovered any special damages arising from the trespass, had they been pleaded and proven. But, under the circumstances here presented, the value of the property delivered to the assignee of the mortgage, at her request, should not have been assessed against appellants, even if they were liable for an original wrongful taking.

Plaintiff could not receive the benefit of the credit upon her mortgage note, and then recover again from any of the defendants the amount thus credited. It was error, therefore, for the court to instruct the jury that the measure of damages was the value of the property originally taken from plaintiff, with interest from the date of taking at the rate of ten per cent. per annum. Sedg. Dam. 613, *supra; Bank v. Leavitt*, 17 Pick. 1; *Lazarus v. Ely*, 45 Conn. 504; *Bates v. Clark*, 95 U. S. 204; *Brown v. City, supra*. For this error the judgment must be reversed.

We deem it unnecessary to consider the remaining assignments. The judgment is reversed and the cause remanded for a new trial, with leave to plaintiff and defendants, or either of them, to amend the pleadings if so advised.

*Reversed.*