EDGAR PADFIELD

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon October 27, 1893.*

1. INSTRUCTIONS—*requiring the jury to find from the evidence.* It has been frequently held by this court that it is not necessary that all of the instructions given by the court shall, in express terms, confine the jury to the evidence, in their deliberations and findings.

2. On the trial of one for burglary, the court, after defining the crime, told the jury that while the indictment could only be found on evidence, still it was not, of itself, any evidence in the case, of the defendant's guilt of the crime, but that the prosecution must have shown to their satisfaction, beyond a reasonable doubt, that the defendant was guilty. This was immediately followed by an instruction that a defendant charged with a criminal offense is presumed to be innocent until his guilt is established, *by the evidence,* beyond a reasonable doubt: *Held,* that the failure of the court to call the attention of the jury, in the first instruction, to the evidence, could not have been injurious to the defendant.

3. CRIMINAL LAW—*instruction as to credibility of defendant as a witness.* On a trial of one for burglary, in which the defendant testified in his own behalf, the court instructed the jury, that "under our present statute, parties on trial for criminal offenses are permitted to testify in their own behalf in all cases, but the law makes the jury the sole judges of the credibility of the testimony, and if they should deem it untrustworthy they may disregard it altogether, except such portion of it as may be corroborated by other credible testimony:" *Held,* that there was no reversible error in the instruction.

4. It is recognized by the statute which permits a defendant in a criminal case to testify, that his interest may be regarded, for the purpose of affecting his credibility. While the jury may not disregard his testimony from mere caprice, they are not bound to believe his testimony any further than it is corroborated by other credible evidence. It has been the uniform practice in this State since the adoption of the statute, to give instructions which have application only to the evidence given by defendants on trial.

5. SAME—*instruction as to degree of proof required to convict.* In a criminal prosecution the defendant asked the court to instruct the jury "that the degree of evidence required to convict a defendant in a criminal case must be such as to remove all doubt from the mind of a rea-

sonable man," which was refused: *Held,* no error, as the instruction was misleading. It is not every doubt that may exist in the mind of a reasonable man that rises to the dignity of a reasonable doubt, such as would govern him in the graver affairs of life.

6. SAME—*circumstantial evidence—instruction as to such evidence.* It is not error to refuse to instruct the jury, in a criminal case, that where the evidence is purely circumstantial, then, if there is any reasonable theory by which the defendant may not be guilty, the jury are bound to acquit. The instruction is bad, as wholly ignoring the requirement that the theory or hypothesis of innocence shall be consistent with all the evidence in the case.

7. SAME—*of the presence of defendant when sentenced.* If the prisoner's presence in court at the time the verdict is returned into court and the sentence is pronounced, can, by any fair intendment, be collected from the record, that will be sufficient; and this conclusion may be aided by the recitals in the bill of exceptions, which is a part of the record.

8. SAME—*verdict fixing defendant's punishment on a conviction for burglary.* A verdict fixing the punishment of the defendant on an indictment for burglary and larceny, by simply stating, "we fix his punishment in the penitentiary for the term of one year," will be sufficient to authorize judgment thereon. The necessary implication would be that such punishment was imprisonment in the penitentiary for one year.

9. EVIDENCE—*circumstantial—to show a burglary and larceny.* On the trial of one for burglary and the larceny of boxes of cigars, evidence of the fact that the defendant had the opportunity to place the cigars where they were found shortly after the larceny, is a circumstance which, taken in connection with other circumstances in proof, tends to establish his guilt, and the further fact that other persons had like opportunity only weakens the force of such circumstance, but will not render it incompetent as criminating evidence.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. A. S. WILDERMAN, Judge, presiding.

Mr. FRANKLIN A. McCONAUGHY, for the plaintiff in error.

Mr. M. W. SCHAEFFER, State's Attorney, for the People.

Mr. CHIEF JUSTICE BAKER delivered the opinion of the Court:

Edgar Padfield, the plaintiff in error, was tried in the St. Clair circuit court, and convicted of the crimes of burglary

and larceny, and sentenced to the penitentiary for a term of one year. The burglary charged was the breaking and entering the saloon building of Charles P. Fleischbein, in the city of Belleville, and the larceny charged was the stealing therefrom of two boxes of cigars, a silver half dollar and certain small silver and nickel coins.

It is claimed by plaintiff in error that there was error in various rulings of the court upon the instructions to the jury.

The trial court, in its instructions, first defined the crime of burglary, and then proceeded as follows: "With reference to the case, I say to you, that while an indictment can be found by the grand jury only after the hearing of evidence, still the indictment in this case is a mere accusation or charge against the defendant, and is not of itself any evidence in this case that the defendant is guilty of the crime therein charged and set forth, but the prosecution must have shown to your satisfaction, beyond a reasonable doubt, that the defendant is guilty as therein charged." The criticism made upon the instruction is, that it omits to confine the jury to the evidence in the case. It has been frequently held by this court that it is not necessary that all of the instructions given by the court should contain the qualification in question. The instruction above quoted was immediately followed by an instruction which told the jury that "the law is, that a defendant charged with a criminal offense is presumed to be innocent until his guilt is established by the evidence, beyond a reasonable doubt," and the proposition that the guilt of the defendant must be shown by the evidence, and beyond a reasonable doubt, was enunciated in numerous other of the instructions given. Under the circumstances, there is no just ground for claiming that the failure of the court to call the attention of the jury, in the instruction under consideration, to the evidence in the case, was injurious to plaintiff in error.

Objection is made to that portion of the charge of the court which reads as follows: "Under our present statute, parties

on trial for criminal offenses are permitted to testify in their own behalf in all cases, but the law makes the jury the sole judges of the credibility of the testimony, and if they should deem it untrustworthy they may disregard it altogether, except such portion of it as may be corroborated by other credible testimony." The objection urged to the instruction is, that it directs special attention to the testimony of the defendant himself, in his own behalf, as being under grave suspicion. It is recognized by the statute which permits him to testify, that the interest of the defendant in the event of a criminal case may be regarded for the purpose of affecting his credibility. So far as we are advised, it has been the uniform practice in this State, since the adoption of the statute, to give instructions which have application only to the evidence given by defendants on trial, and the propriety of such practice seems to have been recognized in *Bressler* v. *The People*, 117 Ill. 422, and numerous other cases. In *Hirschman* v. *The People*, 101 Ill. 568, this court said: "The jury were not bound to believe the evidence of the defendant any further than it may have been corroborated by other credible evidence, (*Gainey* v. *The People*, 97 Ill. 270,) and we perceive no impropriety in saying so to them." And in *Chambers* v. *The People*, 105 Ill. 409, it was said: "The effect of the fact that the witness is the defendant charged with the crime, in disparaging or impeaching his evidence, all experience teaches, will vary with varying circumstances to be disclosed upon the trial, sometimes requiring disbelief and entire disregard of his evidence, while at others not sensibly disparaging it." It is to be noted that there is nothing in the instruction now in question which authorized the jury to disregard the testimony of the defendant through mere caprice, but it submitted his testimony to them as judges of its credibility, and it was only in the event they deemed it untrustworthy that they were given permission to disregard it altogether, except wherein it might be corroborated by other credible testimony. The instruction was not

as full and accurate as it should have been, but we are not prepared to hold that it was reversible error to give it. ·

It was not error to refuse to instruct the jury "that the degree of evidence required to convict a defendant in a criminal case must be such as to remove all doubt from the mind of a reasonable man." It is not every doubt that may exist in the mind of a reasonable man that rises to the dignity of a reasonable doubt, such as would govern him in the graver affairs of life. The instruction did not fairly state the law, and was calculated to mislead the jury. Besides this, the doctrine of a reasonable doubt was fully and accurately given in other instructions, and even if, as claimed, the refused instruction was only another way of stating the same thing, there was no error in refusing it.

Nor was it error to refuse to instruct the jury that, if other persons had the same opportunity as the defendant to throw the stolen cigars upon the roof where they were found, "then the evidence relating to that part of the case must be disregarded." The fact that the defendant had opportunity to place them there was a circumstance which, taken in connection with other circumstances in proof, tended to establish his guilt, and the further fact that other persons had like opportunity merely weakened the probative force of such circumstance, but did not render it incompetent as criminating evidence.

Nor was it error to refuse to instruct the jury, that where the evidence is purely circumstantial, then, if there is any reasonable theory by which the defendant might not be guilty, the jury are bound to acquit. The instruction wholly ignored the requirement that the theory or hypothesis of innocence should be consistent with all the evidence in the case.

It is urged that it does not affirmatively appear, from the record of the judgment, that the defendant was in court at the time the jury returned their verdict and it was received by the court. The record is substantially like that involved

in *Schirmer* v. *The People,* 33 Ill. 276. There the arraignment and trial were upon one day, and upon the following day the jury returned their verdict and the judgment was rendered. It was there said : "That he (defendant) was personally present was shown by his arraignment, for that involves his personal appearance. No interval appears between the arraignment, trial, verdict and judgment, and the presumption, therefore, must be, the prisoner remained in court the whole time. The whole proceedings seem to have been very expeditious, and in the consecutive and continuous order in which they are stated in the record they necessarily imply his personal presence during the whole time, including the moment when sentence was passed by the court. * * * The fact of the prisoner's presence can, by fair intendment, be collected from the record, and that is sufficient." Besides this, it is affirmatively stated in the bill of exceptions, and thereby made a part of the record, that "thereupon the jury rendered the following verdict against the defendant, he being then present in open court." Our conclusion is, that there is no just ground for claiming that the record does not show that the defendant was in court when the verdict was returned and received.

It also appears from the bill of exceptions that the verdict so returned by the jury was as follows : "We, the jury, find the defendant guilty of burglary and larceny, and find the value of the stolen property to be ($8) eight dollars, and fix his punishment by imprisonment in the penitentiary for the term of one year." In the record of the proceedings of the court as written up by the clerk, the words "by imprisonment" are omitted from the verdict. We do not regard this as material. The defect, if any, is supplied by the bill of exceptions. Moreover, the only punishment in the penitentiary provided by law for burglary, or burglary and larceny, is *imprisonment* in the penitentiary, and so, even if the jury had fixed the punishment of the defendant by simply stating, "we fix his punishment in the penitentiary for the term of one year," the

necessary implication would have been that such punishment was imprisonment in the penitentiary. And the record shows that the trial court so regarded the verdict that was returned in this case, and sentenced the defendant to confinement in the penitentiary for and during the term of one year. In our opinion the plaintiff in error can take nothing by his assignment of error in respect to the form of the verdict.

It is urged that the evidence introduced by the prosecution was not sufficient to justify the verdict and conviction, and that a new trial should have been granted. We have carefully examined and considered all the testimony in the record. The conviction was based upon circumstantial evidence. The criminating circumstances testified to by the witnesses for the prosecution, in our opinion, sufficiently support the verdict. The defendant introduced a number of witnesses whose testimony was in conflict with that given by the witnesses for the prosecution. It was for the jury to pass upon the credibility of the several witnesses, and as they heard the witnesses testify and saw them upon the witness stand, they had opportunities for arriving at a correct conclusion in that regard that we do not have. The trial judge had like opportunities. We are unable to say that the jury was not authorized to return a verdict of guilty, or that the trial court erred in overruling the motion for a new trial.

Finding no error in the record, the judgment is affirmed.

*Judgment affirmed.*