[No. 2871. Decided July 26, 1898.]

F. O. CHEZUM, *Respondent*, v. SAMUEL PARKER, *Appellant.*

SALE — DELIVERY OF BILL — WRONGFUL ATTACHMENT — MITIGATION OF DAMAGES — EXCLUSION OF EVIDENCE — INSTRUCTIONS — IMPROPER ARGUMENT.

A finding by the jury that a bill of sale for certain personalty had been delivered to plaintiff is warranted, when the evidence shows that plaintiff and the owner of the goods had agreed on the sale in satisfaction of an existing indebtedness, but the bill

had not been delivered because not acknowledged; that it was left with the owner, who agreed to have it acknowledge'd and also remarked that it would be in a certain drawer in his desk, if anything happened to him; that the owner absconded, and the plaintiff, on securing entrance to the owner's office, found a note advising him that the bill of sale was in the drawer as agreed upon, "and was hereby delivered to you"; and that the plaintiff went into possession of the property, and had surrendered to the former owner's attorney the evidences of indebtedness in consideration of which the sale had been made.

In an action against a sheriff for wrongful attachment, he cannot show in mitigation of damages that he had sold the property under chattel mortgage, while in his possession under the attachment levy, when notices of sale had not been posted according to the statutory requirements necessary to make the foreclosure legal; nor could the costs of such illegal foreclosure be deducted from the value of the property.

Where proffered evidence was properly excluded, a wrongful reason assigned therefor would not constitute error.

A charge to the jury that there must be mutuality in the fraudulent intent in order to render a bill of sale fraudulent as to other creditors is proper, when the evidence in the case shows that the sale in question was made as a preference of one creditor over others.

A judgment will not be reversed on the ground of improper argument by counsel, unless it appears that counsel, against timely objection made, has abused the license of argument, and that prejudice has resulted therefrom to the opposing party.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge. Affirmed.

*Eric E. Rosling,* and *Theodore L. Stiles,* for appellant.

*John Arthur,* and *Ira A. Town (G. L. McKay,* of counsel), for respondent.

The opinion of the court was delivered by

GORDON, J.—Respondent brought this action to recover the value of certain furniture and law books which he alleges were taken from his possession and converted by the defendant. The answer denied that respondent was the

owner of the goods and affirmatively alleged that one Likens was the owner, at the time when possession of them was taken by the appellant, as sheriff of Pierce county, under and by virtue of a warrant of attachment issued in an action then pending in the superior court of that county, in which action P. V. Caesar, agent, was plaintiff, and said Likens was defendant. The answer further alleged that the attempted sale and transfer of the property from Likens to the respondent was made in fraud of Likens' creditors. The jury found for the plaintiff, and from the judgment entered upon their verdict the present appeal was taken.

There are a great many assignments of error, but the main questions to be determined may be considered under a few heads. At the trial, plaintiff relied upon a bill of sale which was executed by Likens and acknowledged on the 5th day of October, 1896. In his own behalf he testified that at that time Likens was indebted to him on certain notes, in an amount aggregating $1,975, a portion of which indebtedness was of long standing; that Likens was financially embarrassed and respondent had been pressing him for a settlement; that it was finally agreed between them that Likens should transfer and sell to plaintiff the property in question, in consideration of which plaintiff should release and cancel the indebtedness. At the time of reaching that agreement the bill of sale was drawn up, signed and witnessed, but not dated or acknowledged; Likens retaining it for the purpose of having it acknowledged, and also stating to plaintiff that, if anything happened to him, the plaintiff would find the bill of sale in a certain drawer in his desk. It also appears that Likens was accustomed to leave letters and papers for appellant in this drawer, and that plaintiff would get them therefrom. Testimony was given which tended to show that Likens was at that time anticipating the commencement of legal

proceedings against him of a criminal nature; also, that he absconded on or about the 6th or 7th of October, 1896. On the morning of October 8th, the office having been locked for a couple of days, plaintiff secured a key from the janitor of the building, entered the office, and in the drawer referred to found the bill of sale; also, the following letter, which was received in evidence:

"Tacoma, Wash., Oct. 7, '96.

F. O. Chezum, City—

Dear Sir: Referring to our conversation about my indebtedness to you and the (the) settlement of our business affairs, I have concluded to carry out the arrangement we agreed upon and I have left for you a bill of sale of all my office furniture, library and all the property in my office. The paper is in the drawer of my desk, with the keys is hereby delivered to you. Very respectfully,

W. W. Likens."

Thereupon respondent took possession of the office, scratched Likens' name from the door, placed his own name thereon and took steps towards leasing the rooms. On the morning of the 9th, defendant took possession under the warrant of attachment. It is contended that there was no sufficient proof of the delivery of the bill of sale, but we think the plaintiff's own testimony, if believed by the jury, was sufficient upon that point. Plaintiff was in actual possession prior to the levy of the attachment, and it is not necessary to consider or determine what the effect would have been had the attachment been levied prior to the actual receipt of the bill of sale and possession by the plaintiff. It is also contended that there was no sufficient evidence of a consideration for the sale. The testimony tended to show that the notes held by the plaintiff had been surrendered to John Arthur, and there was also evidence from which the jury were warranted in finding that Arthur was the attorney for Likens, with authority to represent him.

In the bill of sale it is recited that the property was sold subject to a mortgage of $320. In addition to what has already been stated concerning the pleadings, the answer alleged that on the 23d day of November, 1896, Wilcox, the mortgagee, delivered to the defendant, as sheriff, the mortgage and note thereby secured, together with notices of sale, and required defendant to foreclose and sell the property according to law; that thereupon the defendant, as sheriff, issued and posted the notices, and thereafter sold the mortgaged property, and after satisfying the mortgage and paying the costs and expenses of foreclosure. turned a surplus amounting to $128.50 over to the court, subject to the attachment of Caesar, agent, etc.

At the trial the defendant offered in evidence the note, mortgage, notices of sale and other papers pertaining thereto, which were excluded upon respondent's objection; and error is predicated upon this ruling. Upon behalf of respondent it is contended that these papers were incompetent and the foreclosure proceedings void, for various reasons, among others, because neither from the papers so offered, nor from the other evidence, does it appear that there was any attempt to show that any notice of foreclosure was served upon Likens, the mortgagor, or posted in the manner required by law. Appellant strenuously insists that they were admissible in mitigation of damages. It is a well settled general rule of law that, where property has been appropriated to the owner's use by his consent, the facts may be shown in mitigation of damages. *Pierce v. Benjamin*, 14 Pick. 356 (25 Am. Dec. 396); *Bates v. Courtwright*, 36 Ill. 518; *Curtis v. Ward*, 20 Conn. 204; *Watson v. Coburn*, 35 Neb. 492 (53 N. W. 477); *Bowman v. Davis*, 13 Colo. 297 (22 Pac. 507); *Stix v. Keith*, 85 Ala. 465 (5 South, 184).

We take it that a like rule should prevail where the prop-

erty is applied to the payment of a valid, subsisting mortgage, and in this case the bill of sale was taken subject to the mortgage. The rule which permits a trespasser to show a subsequent appropriation to the plaintiff's use proceeds upon the theory that the plaintiff has consented, either expressly or impliedly, to such appropriation, and the law implies such consent where the property is legally seized and sold. *Bates v. Courtwright, supra.* But in the present case defendant was not entitled to have the record of the foreclosure proceedings submitted to the jury, because, as we have seen, the proceedings were not taken pursuant to the statute. The posting of notices of the sale was essential to a legal foreclosure, and a sale without such notice would be absolutely void. Nor was appellant entitled to have the costs of such invalid foreclosure proceeding added to the mortgage debt, and deducted from the value of the property, as found by the jury. The court charged the jury that their verdict, if in plaintiff's favor, should be for the value of the property at the time it was taken, less the amount of the mortgage, and appellant has no substantial ground for complaining of this instruction. In the reply brief, counsel urges that the objection that the record of the foreclosure proceeding was incompetent is made in this court for the first time, and that the papers were excluded by the trial court because they were deemed to be immaterial. So long as the court was right in excluding the proffered evidence, it is not important what the reason assigned therefor was.

The court did not err in refusing to give defendant's requests 2, 3, 4, 5, 6 and 7. The subject matter to which these requests referred was properly and fully covered by instruction No. 4, as given by the court. That instruction was full and ample, and certainly as favorable to the appellant as he had any right to demand. Indeed, we think it

would have been highly improper for the court to have emphasized particular portions of the evidence by giving the instructions as requested by appellant.

Error is also predicated upon the giving of the following instruction, viz.:

" As a general rule, to render a sale or conveyance fraudulent as to creditors of the vendor, there must be mutuality of participation in the fraudulent intent on the part of both the vendor and the purchaser. Thus, applying the rule to this case, if you do not believe from a preponderance of the evidence that both Likens and the plaintiff Chezum shared in a fraudulent intent pursuant to which the bill of sale was made and delivered, you will not be justified in finding it to be a fraudulent transaction."

It is contended that the jury should not have been instructed that actual knowledge of Likens' fraudulent intent was necessary; that, if the plaintiff had notice sufficient to put him on inquiry, he could not be a *bona fide* purchaser. As applied to the evidence, the instruction complained of was right. While the rule contended for by appellant might in many cases be proper, it is not applicable to the evidence in this case. Wait, Fraudulent Conveyances, § 199; *Jaeger v. Kelley*, 52 N. Y. 274. Without specific mention of other objections urged to the charge, we deem it sufficient to say that we regard them as without merit, and are convinced that the charge, as a whole, fairly submitted the case to the jury and embraced all of the issues upon which they were required to pass.

It is contended that the court committed reversible error in refusing to stop what is alleged to have been improper argument to the jury by plaintiff's counsel. Upon objection being made, the court instructed the jury, " that they would not be guided by the statements of counsel, but would be guided by the evidence." From the record we are unable to say that counsel went beyond the limit which

is permissible in a closing argument. By way of illustration, elucidation or explanation, a wide range of comment may, in the discretion of the trial court, be indulged. And it is only in a case where counsel has abused this license, and the court its discretion, in permitting unjustifiable argument to be indulged in against timely objection made to it, that this court would be warranted in reversing a judgment for that reason alone, and not then if it was reasonably apparent that no prejudice had resulted therefrom.

Upon the entire record we think the judgment appealed from must be affirmed.

SCOTT, C. J., and DUNBAR and REAVIS, JJ., concur.

ANDERS, J., not sitting.