[No. 4231. Decided August 8, 1902.]

THE STATE OF WASHINGTON, *Respondent,* v. EDWARD COSTELLO, *Appellant.*

CRIMINAL LAW — DISCHARGE OF JURY — FORMER JEOPARDY.

A plea of once in jeopardy cannot be based upon the discharge of the jury on a former trial, when they had been out for nineteen hours, had stood one way for twelve hours, and reported, when called into court, that there seemed no prospect of their being able to reach an agreement, since Bal. Code, § 5006, authorizes the discharge of a jury, "after they have been kept together until it satisfactorily appears that there is no probability of their agreeing."

CIRCUMSTANTIAL EVIDENCE — ADMISSIBILITY.

In a prosecution for assault, a piece of garden hose filled with sand is admissible in evidence, although never traced to the possession of defendant, when there is evidence showing that the defendant was in the immediate vicinity about the time the crime was committed, that the piece was cut from a garden hose hanging on a fence near by, that the wound upon the head of the prosecuting witness was of a character likely to be made by such an instrument, and that the instrument was found next morning near the place of the assault and in the direction taken by the assailant in his flight.

ARGUMENT TO JURY — READING FROM REPORTER'S NOTES OF TESTI-
MONY.

Error cannot be predicated upon the action of the prose-
cuting attorney, upon argument to the jury, in reading the
testimony of a witness from the reporter's transcript of his
notes, nor upon his refusal to read the whole of the testimony
after having read a part to the jury.

PRESENCE OF DEFENDANT AT TRIAL — PRESUMPTIONS.

Where the minutes of the clerk show that the defendant was
present at the beginning of his trial upon a charge of felony,
the presumption follows that he was present during the re-
mainder of the trial, unless there is an affirmative showing
otherwise.

INFORMATIONS — CERTAINTY AS TO CRIME CHARGED.

Under the liberal rules for determining the sufficiency of
informations established by Bal. Code, §§ 6850, 6851, an informa-
tion charging defendant with assault "with intent to commit a
felony" is not objectionable on the ground of failing to charge
a crime in not naming a particular felony, where such charging
part is followed by the statement of facts which show the felony
to be robbery.

Appeal from Superior Court, Snohomish County.—
Hon. JOHN C. DENNEY, Judge. Affirmed.

*James Taylor Rogers,* for appellant.

*H. D. Cooley,* Prosecuting Attorney, and *J. E. Horan,*
for the State.

The opinion of the court was delivered by

MOUNT, J.—Appellant and one F. J. Fenton were
charged in the court below with the crime of assault with
intent to rob one Oscar Combs. Appellant demanded a
separate trial, which was granted him. At the first trial
the jury disagreed, and were discharged. Upon a re-
trial appellant was convicted, and from the judgment and
sentence this appeal is taken.

1. When the case was called for retrial the defendant
offered a plea of once in jeopardy, basing this plea upon

the fact that the court had erroneously discharged the jury in the former trial. The court denied this plea. This ruling is assigned as error. It appears from the record of the first trial that the jury retired to consider their verdict on Tuesday, November 19, at 1:40 p. m. Thereafter, on Wednesday, November 20, at 9:50 o'clock a. m., the jury was called into court, whereupon the following proceedings were had: The judge, addressing the jury, said, "Gentlemen, have you agreed upon a verdict?" To which juror Coe replied, "No." The judge then said, "Is there any prospect of an agreement?" To which juror Coe answered, "It seems not." And another juror added, "We have stood one way for twelve hours." The court thereupon discharged the jury. No objection was made thereto. The clerk made the following entry in his journal: "Jury brought into court room after being out all night without having reached a verdict, was discharged from further consideration of the case, and discharged for the day." It is no doubt the rule that an improper discharge of a jury is in effect an acquittal of a defendant on trial charged with a crime. 1 Bishop, New Criminal Law, §§ 992-1013; 1 Bishop, New Criminal Procedure, § 821; *State v. Hubbell,* 18 Wash. 482 (51 Pac. 1039). It is necessary to consider, therefore, whether or not the discharge of the jury under the circumstances in this case was proper.

The statute provides (Bal. Code, § 5006), "The jury may be discharged by the court . . . by consent of both parties, or after they have been kept together until it satisfactorily appears that there is no probability of their agreeing." By this section the lower court is invested with a discretion to discharge a jury after it has been kept together until it satisfactorily appears that there is no probability of their agreeing. This discretion must be

based upon substantial grounds, and is subject to review like any other legal discretion. It appears here that the jury had been considering the case for more than nineteen hours, and, that when asked by the court if there was any prospect for an agreement, answered, "It seems not," and stated, "We have stood one way for twelve hours." While in the question put by the court the word "probability" is not used, still we think the question and the answer clearly indicate that there was no reasonable probability of an agreement, and that, under the conditions existing, the court did not abuse his discretion in discharging the jury. In *Penn v. State,* 36 Tex. Cr. Rep. 140 (25 S. W. 973), it was said:

"It is within the discretion of the court to discharge the jury, and put an end to the trial, and the case will not be reversed on account of the action of the court in this regard, unless there is a clear abuse of discretion."

In the case of *People v. Goodwin,* 18 Johns. 187 (9 Am. Dec. 203), the court said:

"I am of the opinion that, although the power of discharging a jury is a delicate and highly important trust, yet, that it does exist in cases of extreme and absolute necessity; and that it may be exercised without operating as an acquittal of the defendant; that it extends as well to felonies as misdemeanors; and that it exists, and may discreetly be exercised in cases where the jury, from the length of time they have been considering a cause, and their inability to agree, may be fairly presumed as never likely to agree, unless compelled so to do from the pressing calls of famine or bodily exhaustion."

In *Logan v. United States,* 144 U. S. 263 (12 Sup. Ct. 617), the court says:

"The plea of former jeopardy was rightly held bad. It averred that the discharge of the jury at the former trial without the defendants' consent was by the court, of its

motion, and after the jury, having been in retirement to consider· their verdict for .forty hours, had announced in open court that they were unable to agree as to these defendants. The further averment that 'there existed in law or fact no emergency or hurry for the discharge of said jury, nor was said discharge demanded for the ends of public justice,' is an allegation, not so much of specific and traversable fact, as of inference and opinion, which cannot· control the effect of the facts previously alleged. Upon those facts, whether the discharge of the jury was manifestly necessary in order to prevent a defeat of the ends of public justice, was a question to be finally decided by the presiding judge in the sound exercise of his discretion."

See, also, Wharton, Criminal Pleading & Practice (9th ed.), § 499 *et seq.; United States v. Perez,* 9 Wheat. 579; *People v. Shotwell,* 27 Cal. 394; *In re Allison,* 13 Colo. 525 (22 Pac. 820, 10 L. R. A. 790, 16 Am. St. Rep. 224); *Williford v. State,* 23 Ga. 1; *Lovett v. State,* 80 Ga. 255 (4 S. E. 912); *Jones v. Commonwealth,* 86 Va. 740 (10 S. E. 1004).

2. During the trial the court permitted the prosecutor to introduce in evidence a short piece of garden hose which was filled with sand, and which was found the next morning after the alleged assault near where the assault occurred, and in the direction the assailant had fled immediately after the assault. This evidence was objected to because the piece of hose was not traced to the possession of the defendant. The person who committed the assault was unknown to the prosecuting witness, and was not seen by him, and no one testified to seeing the defendant with this piece of hose. The only evidence connecting defendant with the crime was circumstantial. The evidence shows that the defendant, at about the time the crime was committed, was in the immediate vicinity, and that

this piece of hose, sometime during the night on which the crime was committed, was cut from a garden hose hanging on a fence near by. That the wound on the head of the prosecuting witness was such a wound as would be made by a blow from such an instrument. We think the evidence was proper to go to the jury as a circumstance in the case.

3. While the defendant's attorney was making his argument to the jury he quoted from the evidence of one of the witnesses. In reply to this argument the prosecuting attorney read the direct testimony of this witness from the reporter's transcript thereof, but refused, upon request of defendant's attorney, to read the cross examination. Error is assigned—first, that the prosecuting attorney was permitted to read any of the evidence from the reporter's notes; and, second, that he was permitted to read only a part thereof. The range of the argument of counsel rests largely in the discretion of the trial judge. Unless this discretion is abused to the prejudice of a defendant, an appellate court will not reverse a case for this reason alone. *Chezum v. Parker,* 19 Wash. 645 (54 Pac. 22) ; *State v. Bokien,* 14 Wash. 417 (44 Pac. 889). The prosecuting attorney has a right to quote the evidence, or any part of it, to the jury, and whether he quotes it from his own memory or from notes he has made, or from notes or a transcript made for him, can make no difference so long as it is quoted correctly. There is no contention in this case that the evidence read by the prosecuting attorney was not the evidence of the witness. No prejudice, therefore, could result.

4. It is next claimed that appellant is entitled to a new trial, because the minutes of the clerk do not show that the defendant was present at the trial at all times. The minutes, however, do show that the defendant was

present at the beginning of the trial, and also at the
time the sentence was pronounced. They further show,
after an adjournment, upon reconvening, as follows:
"Court opened with Judge Denney on the bench and
jury in charge of bailiff and all present." There is no
showing, nor is it claimed, that the defendant was not
present in court at all times during the trial. While it
is undoubtedly the rule that a defendant charged with a
felony must be present at all times during the trial, and
that this fact should appear affirmatively upon the record,
yet, where it appears that the defendant is present at the
beginning of the trial, the presumption must follow that
he was present during the remainder of the trial unless
it appears otherwise by an affirmative showing. *Grimm
v. People,* 14 Mich. 300; *Padfield v. People,* 146 Ill. 660
(35 N. E. 469); *Schirmer v. People,* 33 Ill. 276; *State
v. Collins,* 33 La. An. 152; *State v. Cox,* 33 La. An.
1056; *Jeffries v. Commonwealth,* 12 Allen, 145; *State v.
Ryan,* 13 Minn. 370; *State v. Lewis,* 69 Mo. 92; *State
v. Yerger,* 86 Mo. 33.

It is contended that the court erred in not arresting
judgment for the reasons (1) of informalities in the judg-
ment; (2) because the superior court is described as a
superior court of the state when it is a superior court of
the county; and (3) because there is no law defining an
assault with *"intent to commit a felony."* The first two
of these grounds are entirely without merit. As to the
third the charging part of the information is as follows:

"Comes now, H. D. Cooley, . . . and by this,
his information, accuses F. J. Fenton and Edward Cos-
tello of the crime of assault with intent to commit a fel-
ony, committed as follows, towit: That in the county
of Snohomish and state of Washington on the 19th day of
October, 1901, the said F. J. Fenton and Edward Cos-

tello, in and upon the person of one Oscar Combs, unlawfully and feloniously did make an assault, with intent then and there, unlawfully and feloniously, by violence and putting in fear, from the person of him the said Oscar Combs, the moneys, goods, and chattels of the said Oscar Combs to take, steal and carry away; contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Washington."

The statute, at § 7057, Bal. Code, provides, "An assault with an intent to commit murder, rape, the infamous crime against nature, mayhem, robbery, or grand larceny shall subject the offender to imprisonment," etc. The information charges the defendant with the crime of "assault with intent to commit a felony." The particular felony is not named in that part of the information, but, immediately following, the facts are stated which show the felony to be robbery. The defendant could not have been misled as to the particular felony which was clearly charged against him. Under the very liberal provision of §§ 6850 and 6851 the information was sufficient.

We find no error in the record. The judgment is affirmed.

REAVIS, C. J., and WHITE, HADLEY, FULLERTON, ANDERS and DUNBAR, JJ., concur.