Schirmer *v.* The People.

# WILLIAM SCHIRMER

*v.*

# THE PEOPLE OF THE STATE OF ILLINOIS.

1. RECORDS — *how far a record is a verity, and how far open to inquiry.* When an instrument is offered in evidence in a cause as a record, whether the instrument offered is a record or not is always open to inquiry. Anything produced as a record may be shown to be forged or altered.

2. A record is understood to be conclusive evidence; but what is, or is not a record, is matter of evidence, and may be proved like other facts. And if words have been struck out of a record so as to render it erroneous, witnesses may be examined to show such words were improperly struck out; but not to falsify the record by showing that an alteration, whereby the record was made correct, was improperly made.

3. SAME — *complete record.* The clerks of the Circuit Courts are not required to make a complete record in a criminal case.

4. SAME — *transcripts of the same — how made up.* Transcripts of records in the Circuit Courts are made up for the Supreme Court from the entries of the clerks on their minutes and order books, and from the files in the cause. The clerks take daily minutes of the proceedings, and at their leisure enter them in proper form in the order books, which, with the files, are the records in the cause.

5. SAME — *when the entries must be made by the clerk.* It is not essential to the validity of a record of the proceedings in the Circuit Courts, that the entries should be made in the order book during the term at which the cause is tried. These entries, by the act of 1859, the clerks are required to make before the final adjournment of the court at each term, or as soon thereafter as practicable.

6. TRANSCRIPT OF A RECORD — *imports verity.* A transcript of a record in the Circuit Court brought to this court, certified by the clerk under the seal of the court, to be a true and full copy of the proceedings in the cause, not shown by any evidence to be otherwise, must be taken to be the record in the cause, and imports verity.

7. ERROR — *irregularity in impanneling jury.* It is too late to object for the first time, on error, to any irregularity in the impanneling of a petit jury.

8. ARRAIGNMENT OF PRISONER — *implies his presence.* Where a record of the proceedings in a criminal cause shows the arraignment of the prisoner, his personal presence is also thereby shown, for his arraignment involves his personal appearance.

9. PRESUMPTION *as to his continued presence.* Where, by the record in such case, no interval appears between the arraignment of the prisoner, the trial, verdict and judgment, the presumption is that he remained in court during the whole time, including the moment when sentence was passed by the court.

10. Where the prisoner's presence in court can, by fair intendment, be collected from the record, that is sufficient.

WRIT OF ERROR to the Circuit Court of Randolph county; the Hon. SILAS L. BRYAN, Judge, presiding.

William Schirmer was indicted in the court below for murder; the trial resulted in a conviction for manslaughter, and a judgment was entered accordingly, from which he prosecuted a writ of error to this court in the First Grand Division, where, at the November Term, 1863, such proceedings were had that, upon the application of the State's attorney, a writ of *certiorari* was awarded, directing the clerk of the Circuit Court to send up a complete record; and then, by agreement of parties, the cause was removed, upon change of venue, into the Second Grand Division.

The ground of the application for the writ of *certiorari*, was the defect in the transcript of the record then on file in this court, in failing to show that the indictment was returned by the grand jury into open court, or that it was indorsed by the foreman, "a true bill;" both of which facts, it was alleged, did appear of record in the court below.

The clerk of the Circuit Court, in obedience to the writ of *certiorari*, returned a transcript of the record in that court, as follows:

"RANDOLPH COUNTY CIRCUIT COURT, ⎰
    September Term, A. D. 1863.      ⎱

    At a Circuit Court begun and held at the Court House in the city of Chester, in and for the county of Randolph, State of Illinois, on Monday, the fourteenth day of September, in the year of our Lord one thousand eight hundred and sixty-three. Present" (the judge and other officers of the court).

"John Campbell, sheriff of said county, returned into court the names of the following persons selected by the County Court of said county, to serve as a grand jury at this term of said court, to wit: " (giving their names.) "And upon the call-

ing said grand jury, each of said persons respectively answered to their names, whereupon the court appointed said Jonathan Chesnutwood foreman, and the said jury was duly impanneled and sworn as a grand inquest for the people of the State of Illinois, to inquire for the body of the county, &c.; and after receiving their charge from the court, retired to their room to consider of their presentments; Edward Burchire being sworn as attending officer."

"RANDOLPH COUNTY CIRCUIT COURT; September, A. D. 1863.

".September Term, 1863, of the Randolph Circuit Court. The grand jury is organized this 14th day of September, 1863, by appointing J. Chesnutwood foreman of the grand jury.

" The grand jury for their first report into open court, this 15th day of September, report as true bills of indictment the following bills, into open court, in words and figures following:

" The People *v.* William Schirmer, indicted for murder."

Then follows the indictment, indorsed thus:

" *The People*

v.

" *William Schirmer.*

"Indictment for murder.

" A true bill.

" J. CHESNUTWOOD, *Foreman.*"

" Witnesses," &c., (naming them.)

" Filed Sept. 15th, 1863.

" S. ST. VRAIN, *Cl'k.*"

" The following is the order of court:

"RANDOLPH COUNTY CIRCUIT COURT, }
September Term, A. D. 1863. }

September 17th, 1863.

" THE PEOPLE OF THE STATE OF ILLINOIS }
*v.* } Indictment for murder.
" WILLIAM SCHIRMER. }

"And now on this day comes the people by Watts, O'Melveney, Johnson and J. B. Underwood, and the defendant by Snyder and Barnum, and the defendant having been furnished with

a copy of the indictment and list of the regular panel of·the jurors, &c., the defendant is arraigned and enters the plea of not guilty; whereupon the trial commences, and the regular panel of the jury being exhausted, the sheriff of said county is ordered to summon from the bystanders six jurors, &c., which is done, and the names of the so summoned jurors given to defendant's attorney. Whereupon came the jurors of the jury selected in this cause, to wit:" (naming them), "twelve good and lawful men, who, being .elected, tried and duly sworn a true verdict to render in said cause, &c. And the said jury, after hearing the evidence and arguments of counsel in said cause, and after retiring to consider of their verdict, returned into court the following verdict, September 18th, 1863 : 'We, the jury, find the defendant guilty of manslaughter, and fix the term of his confinement in the penitentiary for and during his natural life.' Whereupon, the court, being fully advised of and concerning said case, verdict, evidence, &c., doth order and adjudge that said William Schirmer be sentenced to the penitentiary of the State of Illinois, for the space and term of his natural life at hard labor, except one day of the time, which is to be solitary confinement in said penitentiary; and that the sheriff of Randolph county see that this order be executed, &c., and that said people have their costs, &c."

To this transcript the following certificate was attached:

" STATE OF ILLINOIS, }
RANDOLPH COUNTY. } ss.

" I, S. St. Vrain, clerk of the Circuit Court, within and for the county and State aforesaid, do hereby certify the foregoing to be a full, true and complete copy of the proceedings in the Circuit Court in the case of *The People of the State of Illinois* v. *William Schirmer*, as appears of record and on the files inmy office.

"In testimony whereof, I have hereunto subscribed my hand and affixed the official seal of my office, at the city of Chester, Illinois, this 18th day of November, A. D. 1863.

"S. ST. VRAIN, *Clerk.*"

With the seal of the court attached.

The counsel for the plaintiff in error, upon the return of the foregoing transcript into this court, moved to exclude the same therefrom, supporting his motion by his own affidavit, setting forth that, on the 21st day of October, 1863, he examined the record book of the Circuit Court of Randolph county, and at that time there was no such record made and entered in said record book, or in any other book in the office of the clerk of said Circuit Court, as the certified statement or pretended record now on file in this cause, which was made up and returned by the clerk of that court in return to the writ of *certiorari* awarded by this court at its November Term, 1863.

It further appears from the affidavit that the clerk of the Circuit Court did not enter of record the proceedings in the cause until after the award and service of the writ of *certiorari* mentioned.

In the transcript of the record originally filed in this court, the clerk of the court below made the following statement:

"And the following is a copy of the proceedings and order made out by me after the adjournment of the Circuit Court and the expiration of the term at which said defendant was tried, in accordance with what has been the established and usual practice in this office, to wit:"

Then followed a transcript of the order as before given.

The motion of the counsel for the plaintiff in error to strike from the files the transcript of the record returned under the writ of *certiorari* was overruled, and the cause was considered upon the following assignment of errors:

1. That which purports to be a record of the proceedings and order, certified by the clerk as made out by him "after the adjournment of the Circuit Court and the expiration of the term at which said defendant was tried," is irregular and void.

2. Said record does not show that the indictment was found by a grand jury properly summoned and impanneled, as is required by law.

3. It does not appear affirmatively in said record that the indictment was returned by the grand jury into open court.

4. It is not shown in said record that the indictment was

indorsed "a true bill," and signed by the foreman of the grand jury.

5. The record does not show that the petit jury was legally impanneled to try the defendant.

6. It does not properly appear in the record that the defendant was legally tried by a jury of twelve men.

7. It does not appear in said record that the verdict of the jury was entered of record, as is required by law.

8. The record does not show affirmatively that the defendant was present in court at the time the verdict was rendered, and at the time the judgment and sentence was pronounced.

9. And said record fails to show that the defendant was indicted, arraigned on the indictment, tried, found guilty, and sentenced, according to law.

Mr. THOMAS G. ALLEN, for the plaintiff in error.

Mr. J. B. WHITE, State's attorney, for the defendants in error.

Mr. JUSTICE BREESE, delivered the opinion of the Court:

The only question made in this case, is on the record itself. The plaintiff in error insists that it is not a record for reasons which he assigns. The first record was made out by the clerk of the Circuit Court, October 21, 1863, and very inartificially. It contained no *placita* and was wanting in important formal parts. It was, however, certified by the clerk to contain " a full and true history of the proceedings in the trial of said cause, *The People of the State of Illinois* v. *William Schirmer*, which appear of record as is stated in the foregoing copy in my office."

On *certiorari*, on behalf of the people alleging a diminution of the record, another record is sent up, which the clerk certifies to be "a full, true and complete copy of the proceedings in the Circuit Court, in the case of *The People of the State of Illinois* v. *William Schirmer*, as appears of record and on the files in my office." This is dated November 18, 1863, and is under the seal of the court.

This amended record, the plaintiff's counsel moved the court to strike from the files, for the reason that there was nothing on its face warranting its reception and consideration by this court as a record, or any part of a record, of the proceedings in the Randolph Circuit Court.

This objection seems to include all made by the counsel for the plaintiff in error, and disposing of it will dispose, substantially, of all. The cases to which counsel has referred, are all cases wherein some instrument has been offered in evidence in a cause as a record. It is correctly said in those cases, whether the instrument offered is a record or not, is always open to inquiry. *Brier* v. *Woodbury*, 1 Pick. 362. It is there said that it cannot be doubted that anything produced as a record may be shown to be forged or altered; if it were not so, great mischief might arise. A record is understood to be conclusive evidence, but what is or is not a record, is matter of evidence and may be proved like other facts.

And if words have been struck out of a record so as to render it erroneous, witnesses may be examined to show such words were improperly struck out; but not to falsify the record by showing that an alteration whereby the record was made correct, was improperly made. *Dickson* v. *Fishers*, 1 Bl. 664; *S. C.*, 4 Burrows, 2267 ; *Adams* v. *Betz*, 1 Watts, 425.

The plaintiff's counsel presents his own affidavit in support of his objections, in which he states he examined, on the 21st of October, 1863, the record book of the Circuit Court of Randolph county, and that there was not at that time any such record made and entered in that record book, or in any other book in the office of the clerk of that court, as the clerk has certified in his return to the *certiorari.*

This may all be true, as the clerk is not required to make a complete record in a criminal case. He makes out his transcripts for this court from the entries on his minutes and order book, and from the files in the cause. He takes daily minutes of the proceedings, and at his leisure, enters them in proper form in the order book, which, with the files, are the record of the cause. These entries, by the act of 1859 (Sess. Laws,

130), the clerk is required to make, before the final adjournment of the court at each term, or as soon thereafter as practicable. It is quite probable, when, on the 21st of October, the counsel inspected the record or order book, the entries had not been made.

The record sent up by the clerk, is certified under the seal of the court, and his oath of office, to be a true and full copy of the proceedings in the cause, and it is not shown by any evidence that it is not. Unassailed, it must be taken to be the record in the cause of the conviction of the plaintiff in error, and imports verity.

As to the contents of the record, it contains the *placitum*, recites the impanneling of a grand jury, the appointment of a foreman, the charge of the court, the retiring of the body to consider of presentments, and under the charge of a sworn officer. It further recites in regular order, the return of the grand jury into open court, with certain bills of indictment found by them as "true bills," among which is an indictment in the name of *The People of the State of Illinois* v. *William Schirmer,* for murder. Then follows the indictment, the arraignment, the plea of not guilty, the impanneling of the traverse jury, the verdict and the judgment.

We are at a loss to perceive in what essentials this record is deficient. It is insisted by the plaintiff in error that it does not affirmatively appear the indictment was returned into open court by the grand jury. We think it does so appear beyond controversy or question. It is further insisted the record does not show that the indictment was indorsed a "true bill" and signed by the foreman. The record does show this substantially.

It is further insisted the record does not show that the petit jury was legally impanneled. There was no challenge to the array, and no objection made before trial on account of any irregularity in this respect, if there was any. It is now too late to make the objection, if it existed. §§ 162, 163, Crim. Code; Scates' Comp. 403.

The sixth and seventh objections have no foundation. The record is as full on the points made as there is any necessity to

make it. The verdict of the jury follows the trial in regular order, and is so entered of record.

The eighth objection is, that the record does not show affirmatively that the defendant was present in court at the time the verdict was rendered, and at the time the judgment and sentence was pronounced. That he was personally present was shown by his arraignment, for that involves his personal appearance. No interval appears between the arraignment, trial, verdict and judgment, and the presumption, therefore, must be, the prisoner remained in court the whole time. The whole proceedings seem to have been very expeditious, and in the consecutive and continuous order in which they are stated in the record, they necessarily imply his personal presence during the whole time, including the moment when sentence was passed by the court. *State* v. *Craton*, 6 Iredell, 164. The fact of the prisoner's presence can, by fair intendment, be collected from the record, and that is sufficient. *West* v. *The State*, 2 N. J. 212; *State of Iowa* v. *Stiefle*, 13 Iowa, 603.

We do not think any one of the objections are sustained.

As to the finding of the jury, we can only say we have nothing before us to test its propriety. We can imagine it was a case amounting to murder, but from some extenuating circumstances or horror of the death penalty, the jury were induced to find it manslaughter, and fix the highest punishment known to the law.

Perceiving no errors in the record, and believing that to be wanting in no essential to a perfect record, we affirm the judgment.

*Judgment affirmed.*