ALONZO SEWELL *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed February 20, 1901.*

1. CRIMINAL LAW—*presence of accused will be presumed in continuous trial.* If the record shows that the accused was present at the commencement of the trial, which appears to have taken place in consecutive and continuous order, it will be presumed that he was present at every subsequent stage of the proceedings down to the return of the verdict, in the absence of anything in the record to show the contrary.

2. SAME—*when accused will be presumed to have been present at decision of motion for new trial.* If the record shows that the accused was present in court when sentence was pronounced it will be presumed that he was present immediately prior thereto, at the time when the motion for new trial was disposed of.

WRIT OF ERROR to the Circuit Court of Randolph county; the Hon. WILLIAM HARTZELL, Judge, presiding.

ALEXANDER HOOD, (DON E. DETRICH, of counsel,) for plaintiffs in error.

EDWARD C. AKIN, Attorney General, (R. J. GODDARD, State's Attorney, RALPH E. SPRIGG, C. A. HILL, and B. D. MONROE, of counsel,) for the People.

Mr. JUSTICE HAND delivered the opinion of the court:

The plaintiffs in error, Alonzo Sewell, Nannie Nelson and Maud Boone, together with one William Wooden, were jointly indicted by the grand jury at the September term, 1898, of the circuit court of Randolph county, for the murder of Arthur Gaston. They severally pleaded

not guilty. Upon the trial Wooden was acquitted and the plaintiffs in error were convicted. The punishment of Sewell and Boone was fixed by the jury at confinement in the penitentiary for the period of fourteen years and that of Nelson for the period of twenty years, where, by the sentence of the court, they are now confined.

The trial commenced on the sixth day of October, the evidence and arguments of counsel were completed and the jury were instructed and retired on the seventh, and returned their verdict into court and were discharged on the eighth. It is assigned as error that the record fails to show affirmatively that the defendants were present in court during the progress of the trial on the seventh day of October, or at the time.when the jury returned their verdict into court, on the eighth. It is a well settled rule of the common law that a prisoner accused of a felony must be present in person throughout the trial, and that the record should show such fact. (*Harris* v. *People*, 130 Ill. 457.) If the presence of the prisoner in court can by fair intendment be collected from the entire record that is sufficient. (*Schirmer* v. *People*, 33 Ill. 276; *Padfield* v. *People*, 146 id. 660; *Bolen* v. *People*, 184 id. 338.) The right to be present, however, may be waived by the defendant. (*Sahlinger* v. *People*, 102 Ill. 241.) The record shows that the defendants were all personally present at the time the trial commenced, on the sixth; that during the trial each of the defendants testified as a witness for the defense; that there was no interval between the commencement of the trial and the verdict; that the whole proceedings were completed within three days and were carried on in a consecutive and continuous order, and that a motion for a new trial was made upon the receipt of the verdict upon five distinct grounds, of which the absence of the defendants is not mentioned as one. In the case of *Schirmer* v. *People, supra*, which was an indictment for murder, the record showed no interval between the arraignment of the prisoner, the trial, verdict and

judgment.   The whole proceeding appeared to have been completed within two successive days and in continuous order.   It was held, upon such record, that the presence of the defendant during the whole proceeding, down to the moment sentence was passed upon him, was a matter which might fairly be implied.   This case was approved and re-affirmed in *Padfield* v. *People, supra.*   The doctrine seems to be well settled that where the record shows that the accused was present at the commencement of the trial, the whole proceeding appearing to have taken place in consecutive and continuous order and nothing to the contrary appearing therefrom, it will be presumed that he was present at every subsequent stage of the proceeding down to the return and receipt of the verdict. *Dodge* v. *People,* 4 Neb. 220; *Stephens* v. *People,* 19 N. Y. 549; *Rhodes* v. *State,* 23 Ind. 24; *Brown* v. *State,* 13 Ark. 96; *Smith* v. *State,* 60 Ga. 430; *Harriman* v. *State,* 2 Green, (Iowa,) 270; *Holmes* v. *Commonwealth,* 25 Pa. St. 221; *Grim* v. *People,* 14 Mich. 300; *State* v. *Craton,* 6 Ired. 164.

It is next assigned as error that the record fails to show affirmatively that the defendants were present in court on the 15th day of October, when arguments were heard upon and the court overruled their motion for a new trial.   It appears from the record that a motion for a new trial on behalf of the plaintiffs in error was entered on the 8th day of October, after which the court adjourned until the 15th day of October, when arguments on the defendant's motion for a new trial were heard by the court and said motion was overruled, whereupon the defendants Sewell, Boone and Nelson, being present in court in their own proper persons as well as by their counsel, were severally sentenced by the court upon the verdict theretofore entered in said cause.   The presence of the defendant upon the hearing of a motion for a new trial upon his behalf, it is held by many of the courts of other States, is not a matter of right, and his absence will not invalidate the proceedings or a sentence subse-

quently passed upon him. (*Commonwealth* v. *Costello*, 121 Mass. 371; *Jewell* v. *Commonwealth*, 22 Pa. St. 94; *State* v. *Jefcoat*, 20 S. C. 383; *State* v. *Harris*, 32 La. Ann. 118; *State* v. *Clark*, 32 id. 558; *State* v. *David*, 14 S. C. 428; *People* v. *Ormsby*, 48 Mich. 494; *Rolls* v. *State*, 52 Miss. 391.) That question was before this court in the case of *Harris* v. *People, supra,* when the court said (p. 462): "It is doubtful, to say the least, whether, in prosecutions for felonies, the argument and decision of a motion for a new trial is a proceeding which necessarily requires the personal presence of the accused. The decisions on this question are not altogether harmonious, but it is held by various courts whose opinions are usually accorded a high degree of consideration, that his personal presence is not essential between the verdict and judgment, upon the presentation and disposition of motions involving a discussion of mere questions of law, and among these are included motions for a new trial. In many cases where his personal presence is insisted upon the rule seems to be enforced, not by way of protecting the right of the accused to be heard, but with a view of securing the custody of his person, so that he may be forthcoming in case the decision is against him." The court, however, declined to pass upon the question, as the record in that case was not so framed as to properly present the same for decision. While the record in this case does not by express averment show that the defendants were present in court when the motion for a new trial was disposed of, it does show that they were in court on the same day and immediately thereafter when sentence was severally imposed upon them by the court. Under the authorities heretofore cited, if their presence were necessary during the time of the argument and decision of the motion for a new trial, it will be presumed, from the fact that they were present when sentence was passed upon them, that they were in court immediately prior thereto and at the time said motion was disposed of.

189—12

We have examined this record with care, and while the same is somewhat informal, we are of the opinion that, taken as a whole, it shows that the defendants were personally present in court during each stage of the proceedings from the commencement of the trial down to the rendition of final judgment.

It is urged that the evidence was not sufficient to justify the verdict. We have carefully examined and considered all the testimony in the record, which was mainly circumstantial. The criminating circumstances testified to by the witnesses for the prosecution fully support the verdict. It was for the jury to pass upon the credibility of the several witnesses and determine the weight of their testimony. They saw and heard them testify, and their opportunities to arrive at a correct conclusion were superior to those of a court of review. The trial judge also held the evidence sufficient to sustain the verdict. We are unable to say that the jury were not justified in returning a verdict of guilty, or that the trial court erred in overruling the motion for a new trial.

Objection is made that the court admitted improper evidence on the part of the People. What particular evidence, if any, the court improperly allowed to go to the jury is not pointed out in the brief of plaintiffs in error, and from an examination of the record we have been unable to discover that the trial court committed any error in that regard.

Complaint is made that the court improperly instructed the jury on behalf of the People. Twelve instructions were given on behalf of the People and twenty-three on behalf of the defendants. We are unable to discover any reversible error therein, and think the jury were correctly instructed as to the law.

No reversible error appearing in this record the judgment of the circuit court will be affirmed.

*Judgment affirmed.*