## The People of the State of Illinois, Defendant in Error, v. Joel D. Moore, Plaintiff in Error.

1. PLEADING—*when several counts constitute single information.* *Held,* that the several counts of the information in question in this case constituted one information and not several, notwithstanding a repetition of the recital in several counts, "Now comes into court" the state's attorney, etc.

2. PLEADING—*what not essential conclusion of counts of information.* It is not necessary that the counts of an information should conclude against the form of the statute or against the statute.

3. CONTINUANCE—*when denial for absence of witness not erroneous.* Unless due diligence by issuing of a subpoena or otherwise is shown, the denial of a continuance because of the absence of a material witness is not erroneous.

4. JUDGMENTS—*when presence of defendant in criminal case sufficiently established.* "Where the prisoner's presence in court can by fair intendment be collected from the record, that is sufficient."

5. DRAM-SHOPS—*when conviction for selling of intoxicating liquor in anti-saloon territory established.* *Held,* that the evidence in this case was sufficient to sustain the conviction appealed from.

6. DRAM-SHOPS—*what evidence competent in prosecution for selling intoxicating liquor in anti-saloon territory.* In a prosecution for the selling of intoxicating liquor in anti-saloon territory an exemplified copy of the issuing of an internal revenue tax stamp by the United States revenue collector, is competent as tending to show the liquor sold was of the kind for which the government required the payment of a tax and also as tending to show that such liquor was intoxicating in character.

7. INSTRUCTIONS—*when upon circumstantial evidence inaccurate in criminal case.* An instruction is inaccurate which tells the jury that circumstantial evidence is sufficient if it satisfies their minds beyond a reasonable doubt of the defendant's guilt and if from all the evidence in the case, both circumstantial and direct, the jury believed the defendant guilty they should so find,—in that such instruction leaves out the element that the jury should believe the defendant guilty beyond a reasonable doubt. *Held,* however, in this case, that this instruction did not constitute a ground for reversal because the omitted element was supplied in other instructions given.

Prosecution for unlawful sale of intoxicating liquor. Appeal from the County Court of Franklin county; the Hon. W. S. PHILLIPS, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed April 15, 1911.

MOONEYHAM & SEEBER, for plaintiff in error.

G. A. HICKMAN, for defendant in error.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

Appellant was placed on trial upon an information containing nine counts, each count charging him with selling intoxicating liquor in anti-saloon territory. He was found guilty by a jury as charged in the first, second, third, fourth, and fifth counts. There was judgment on the verdict and he was sentenced to pay a fine of $100 on each of said counts and to be imprisoned in the county jail for a term of thirty days on each count, the term on each, after the first count, to begin at the expiration of the time of imprisonment on each preceding count.

Many alleged errors are assigned and they will be considered so far as they appear to be material, and are urged in the brief of plaintiff in error.

The court overruled a motion to quash the information. The motion was urged upon several grounds; one that there were three separate informations. The beginning of the first, fifth and ninth counts recites that "now comes into court G. A. Hickman, state's attorney in and for said county and in the name and by the authority of the People prosecutes" etc. This recital was unnecessary after the first count and it would have been sufficient to recite that the "state's attorney aforesaid, by the authority of the people of the State of Illinois aforesaid, prosecutes" etc., but the state's attorney having signed once at the conclusion of all the counts this does not make different informations; either recital means and amounts to the same thing: that the state's attorney prosecutes. Another ground was that each count concluded contrary to the statute instead of to the form of the statute. If it were necessary the counts should conclude against the *form* of the statute, there would be no substantial difference.

It is not necessary, however, the counts of the information should conclude against the form of the statute or against the statute. There is no such requirement by statute and the constitution requires only that prosecutions shall be carried on "in the name and by authority of the people of the State of Illinois," and conclude "against the peace and dignity of the same." Other grounds urged are trivial.

Plaintiff in error filed an affidavit for a continuance on account of the absence of a witness. No diligence was shown to procure the attendance of the witness. It did not appear any subpoena was issued for him and the court properly overruled the motion.

It is assigned for error that the record does not show the presence of plaintiff in error at the time of the sentence.

The record shows that on April 27, came again the people and the said defendant into open court, a motion for new trial argued and overruled. Motion by defendant in arrest of judgment overruled, and judgment on the verdict and sentence.

This record shows plaintiff in error present during the proceedings leading up to his sentence. "Where the prisoner's presence in court can by fair intendment be collected from the record that is sufficient." Schirmer v. The People, 33 Ill. 275; Sewell v. The People, 189 id. 174.

The evidence in the case showed that the plaintiff in error hereafter referred to as Moore and one Ross Neal were co-partners in the grocery business which they carried on, on lot one, Benton Realty Company's first addition to the city of Benton, Illinois, and in the town of Browning. It was further shown by competent record evidence that at an election held on April 7, 1908, the town of Browning by a majority vote became anti-saloon territory. It was further shown that in March, 1910, one Allen bought at the place of business of Moore and Neal, some sort of beverages called Tamberine and Gingo. Allen testi-

fied he bought a dozen small bottles or more of Tamberine during a period of about two weeks. This apparently reluctant witness said on a searching examination that it "looked red like the real stuff, whiskey;" that "it tasted some like whiskey but not altogether, he couldn't tell exactly;" that he bought the stuff from both Moore and Neal; three or four bottles from Neal and about a dozen from Moore. This witness stated the Tamberine did not intoxicate him but made him sick. Notwithstanding it made him sick he kept on buying and drinking it. Other witnesses testify to buying from the plaintiff in error beer in bottles, the ordinary beer sold in saloons, and without going into the details of this testimony, it is enough to say the evidence was ample to show plaintiff in error was selling both whiskey and beer and many more than enough sales were shown to sustain the verdict of guilty upon the five counts of the information.

Complaint is made of admitting an exemplified copy of a record showing the issuing of an internal revenue tax stamp by the Internal Revenue Collector at East St. Louis, issued to Moore and Neal as retail liquor dealers on lot one hereinbefore described. The evidence was admissible and competent as tending to show the liquor sold by them was of the kind for which they were required to pay a tax to the Government, and tending to show it was intoxicating liquor. Aside from the revenue stamp, however, we have already said the testimony of the witnesses was ample to show sales of intoxicating liquor.

Criticism is made of the instructions given on behalf of the People. Upon examination of them we find but one that is not sufficiently accurate. Instruction number four told the jury that circumstantial evidence was sufficient if it satisfied their minds beyond a reasonable doubt of defendant's guilt, and if from all the evidence in the case both circumstantial

and direct, the jury believed the defendant guilty, they should so find. The instruction left out the element that the jury should believe the defendant guilty beyond a reasonable doubt but as many other instructions directed the minds of the jury to this element they could not have been misled. They were repeatedly told that if they had a reasonable doubt of his guilt, they should acquit.

After considering all the alleged errors which are deemed to be material, we conclude there is no reversible error; that the verdict and judgment are supported by the evidence and we cannot say the sentence imposed carried excessive punishment. The judgment and sentence of the County Court will be affirmed.

*Affirmed.*