The People of the State of Illinois, Defendant in Error, v. Robert Robinson, Plaintiff in Error.

Heard in this court at the February term, 1930. Opinion filed May 21, 1930.

J. H. Lane and Harry Anderson, for plaintiff in error.

George W. Hogan, Jr., State's Attorney, for defendant in error.

Mr. Justice Wolfe delivered the opinion of the court.

In July 1929 the State's Attorney of Hamilton county, Illinois, filed in the county court of said county an information against Robert Robinson, plaintiff in error, charging him with the larceny of one chicken of the value of $1.50. The defendant was brought into court and entered a plea of guilty to larceny as charged in the information. Later, at the same term of court, the defendant withdrew his plea of guilty and gave bond for his appearance to the October Term, A. D., 1929 of said court. The records show that on the 17th day of October, 1929, the defendant, Robert Robinson, came into open court and entered a plea of not guilty to the charge in the information and answered "ready for trial." That on the same day a jury was impaneled and sworn to try the case and evidence heard. That the trial was finished on the 18th day of October, 1929, when the jury found the defendant guilty of larceny and found the value of the property stolen to be 75 cents. After the verdict and before the sentence the defendant, through his attorney, moved the court to set aside the verdict of the jury and grant a new trial, which was overruled. A motion in arrest of judgment was also overruled. After this the defendant was sentenced to the State Farm at Vandalia for six months and fined $20 and costs of suit.

It is contended by the plaintiff in error that the record does not show that the defendant below was present in court at the time sentence was pronounced against him. Our courts have held that where the fact of the prisoner's presence by fair intendment can be collected from the record that is sufficient to show that he was actually present. (*Schirmer v. People,* 33 Ill. 276; *Sewell v. People,* 189 Ill. 174; *People v. Moore,* 161 Ill. App. 56.)

Since the record shows that the defendant on the 17th day of October, 1929, entered a plea of not guilty and answered "ready for trial," it follows that he was

present in court at that time. The record shows that the proceedings were continuous and the verdict rendered on the 18th day of October and sentence followed on the same day.

Where the record shows that the accused was present at the commencement of the trial and the whole proceeding appears to have taken place in a consecutive and continuous order, it will be presumed that the defendant was present at every subsequent stage of the proceeding down to the return and receipt of the verdict and sentence of the court. *Sewell v. People,* 189 Ill. 174; *Schirmer v. People,* 33 Ill. 276; *Padfield v. People,* 146 Ill. 660; and *Bolen v. People,* 184 Ill. 338. We think the record in this case shows sufficiently that the defendant was present in court at all stages of the proceeding.

It is next contended that the record does not show that the jury was in charge of a sworn officer while they were deliberating on their verdict and that it is reversible error if the record does not show such facts. This question was not raised in the trial court and it cannot be raised in this court. In the case of *People v. Fitzgerald,* 297 Ill. 264, 269, it says, "It is also contended that the record does not show that the jury upon their retirement to consider their verdict, were in charge of a sworn officer, as required by law. This point appears to have not been raised in the trial court and cannot be raised here for the first time." The failure to have a jury placed in charge of a sworn officer during retirement is waived by the failure of the accused to object at the time to the omission of such duty, and the question is therefore not open to review upon a writ of error. *McIntyre v. People,* 38 Ill. 514; and *Dreyer v. People,* 188 Ill. 40.

We find no reversible error in the case and the judgment of the circuit court of Hamilton county, Illinois, is affirmed.

*Affirmed.*