(No. 24572.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY PIERCE, Plaintiff in Error.

*Opinion filed June 20, 1938.*

R. E. SMITH, for plaintiff in error.

Otto Kerner, Attorney General, George W. Howard, Jr., State's Attorney, and A. B. Dennis, for the People.

Mr. Justice Orr delivered the opinion of the court:

A jury in the circuit court of Jefferson county found defendant, Harry Pierce, guilty of the crime of manslaughter. After securing new counsel he prosecuted this writ of error to secure a reversal of the judgment which sentenced him to the penitentiary.

The indictment charged that an automobile driven by defendant struck and killed sixteen-year-old Leland Clark, who was riding a bicycle on State route 15 near Mt. Vernon. It was charged that defendant did not stop at the scene of the accident in compliance with the statute, but fled and was not taken into custody until the next day. The counts of the indictment charged manslaughter, by driving while intoxicated; manslaughter resulting from criminal negligence; manslaughter from both causes and a count for unlawfully leaving the scene of the accident.

Without detailed recital, the evidence established that Clark and a companion, Charles Snodsmith, were riding their bicycles westward on State route 15 en route to Mt. Vernon, traveling in single file, with Clark leading. It was about eight-thirty in the evening of September 18, 1937, the night was clear and moonlight increased the visibility. Both bicycles were equipped with lighted electric lamps in front and red reflectors on their rear fenders. The machine of Snodsmith was also equipped with a lighted electric lamp which threw a beam of light to the rear. At the scene of the accident the road was straight and level east and west, with no automobiles approaching the two boys from the west to impede visibility. Snodsmith heard an automobile coming from the rear, left the paved road and yelled a warning to Clark, who was riding about eighteen inches from the right edge of the pavement. The latter remained on the pavement and the automobile struck him with such

force as to toss him and his bicycle into the air and some distance away from the place of impact. The noise of the crash awakened residents of a near-by farmhouse. The driver of the automobile did not stop. Clark was taken to Mt. Vernon where he died the same night. An examination of parts of the automobile, the bicycle and clothing of Clark, produced evidence which established beyond all doubt that defendant's automobile struck Clark. Through the testimony of many impartial witnesses the People also established that defendant, with companions, on the late afternoon and evening of September 18, visited several taverns, where he partook of intoxicating liquors. Witnesses also testified to his reckless handling of the automobile at the taverns and on the highway and showed his bellicose attitude towards persons who remonstrated with him that same evening about his actions. Other testimony of the People showed that defendant struck a car in Mt. Vernon a short time after he struck deceased's bicycle.

Defendant testified in his own behalf and did not deny that he struck some object on the highway at the time and place established. Upon examination of his automobile the next morning, before he was taken into custody, he found a fender damaged, glass broken in the headlamp nearest that fender, and red paint adhering to the damaged fender. The bicycle ridden by Clark was painted red. Until then, defendant testified, he was under the impression he had struck a dog or a hog. By his own admission, he was driving his automobile at the rate of forty-five or fifty miles per hour when he struck Clark. His testimony, and that of his companions or friends he had met that afternoon and evening, sought to minimize the amount of liquor he drank prior to the collision. Their testimony, refuting the testimony of witnesses for the People concerning the reckless, bellicose behavior of defendant was evidently not believed by the jury. The actions of defendant that evening, as related by numerous witnesses, justified the jury in its belief that he

was intoxicated when his automobile hit Clark, or that he was wantonly and criminally negligent at the time, regardless of whether he was intoxicated or not. His contention that the evidence does not support the verdict cannot stand before the overwhelming weight of evidence to the contrary. We will not disturb the verdict of a jury unless it is palpably contrary to the weight of the evidence, or unless the evidence is so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt of defendant's guilt. *People* v. *Wallage*, 353 Ill. 95; *People* v. *Wynekoop*, 359 id. 124.

It was stipulated before the start of the trial, by defendant, his trial counsel and the People, that the court should allow the trial to proceed with only eleven jurors because the jury panel was exhausted. This was done, but the procedure is now assigned as error. We have held that since the laws of this State permit a defendant in a criminal case to waive his right to be tried by a jury of twelve men, (*People* v. *Fisher*, 340 Ill. 250,) he has the undoubted right to stipulate that he will be tried by a jury composed of less than twelve men. (*People* v. *Scudieri*, 363 Ill. 84.) The point raised is procedural, and defendant cannot take advantage of a circumstance which arose only through his own action and consent.

Because the record does not affirmatively show he was present in person during the conduct of the trial and, particularly, when the verdict was rendered, defendant claims reversible error. This claim is without merit, for the record shows he was present at the commencement of his trial, which followed continuously and without break until verdict. Defendant was a witness for himself, and it must be presumed he was present in court during every stage of the trial, including the receipt and return of the verdict. *Sewell* v. *People*, 189 Ill. 174; *People* v. *Krakowski*, 308 id. 266.

It is complained that the defendant was improperly arraigned. The record shows he was arraigned and pleaded to the whole indictment—*i. e.*, "Not guilty to the crime of

manslaughter as charged in the indictment in this cause."
Without considering the minutes of the trial judge, which
also show his arraignment and plea, the record affirmatively
shows that he pleaded not guilty to the manslaughter charges
contained in the pertinent counts of the .indictment. He
cannot complain, for no evidence was introduced against
him which could not have been introduced in the absence of
count number five charging him with unlawfully fleeing
from the scene of the accident. Evidence that he failed
to stop his automobile was admissible under the manslaughter
counts, as it is proper to show flight from the scene of a
crime as evidence of guilt, in a charge of this character.
*People* v. *Schwartz,* 298 Ill. 218.

Exception is taken to the action of the trial court in giv-
ing instructions numbered five, six, ten and twelve for the
People. Instructions numbered five and six gave to the jury
the substance of the statutes, which made the alleged acts of
defendant unlawful, and the chief objection to them is that
an explanatory instruction was necessary, telling the jury
how the two instructions should be considered. The series
of instructions gave the jury what aid it required, if any,
in considering the applicability of these two instructions.
The objection to instruction number ten is based on *People*
v. *Adams,* 289 Ill. 339, wherein we held that negligence in
driving an automobile, where death results, to become crim-
inal, must be reckless or wanton and of such character as
to show utter disregard of the safety of others under cir-
cumstances likely to cause injury. An' instruction similar
to the one here under consideration was approved in *People*
v. *Schwartz, supra.* The People produced before the jury
abundant evidence to show that the killing of Clark was
not the result of mere negligence on the part of defendant
in driving his automobile, and for that reason we believe
the instruction was properly given. Instruction number
twelve has been approved many times by this court. *Peo-
ple* v. *Scarbak,* 245 Ill. 435.

Issue is taken with the trial court in refusing to give one of defendant's instructions, which would have told the jury it could not find defendant guilty unless it found he was criminally negligent in driving his automobile. Such refusal was proper because defendant was also charged with driving his automobile while in an intoxicated condition, when he killed Clark. *People* v. *Adams, supra,* and *People* v. *Falkovitch,* 280 Ill. 321, cited by defendant, are not in point, as the element of intoxication was not present in either case.

In our opinion, defendant had a fair and impartial trial and the errors assigned find no substantial support in the record. The judgment of the circuit court of Jefferson county is affirmed.

*Judgment affirmed.*